IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00455-MSK-KLM

CARLOS BRITO, an individual,

    Plaintiff,

v.

MANHATTAN VENTURE LLC, a Colorado Limited Liability Company d/b/a Audubon Center, and
L&MKTR, INC., a Colorado Corporation d/b/a Peak 31 @ Union Station,

    Defendants.
_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Strike Corporate Defendant, L&MKTR, Inc.'s, Pro Se Answer** [#15] (the "Motion").[1] No Response has been filed. On April 16, 2018, Mary Ketterer filed a pro se Answer [#13] to Plaintiff's Complaint [#1] on behalf of Defendant L&MKTR, Inc. Ms. Ketterer is not a Colorado licensed attorney and, according to Plaintiff, is a listed Member Manager and Registered Agent of Defendant L&MKTR, Inc. *Motion* [#15] at 1. Therefore, Plaintiff asks the Court to strike Defendant L&MKTR, Inc.'s Answer [#13]. Because a corporation, partnership, or other legal entity "may not appear without counsel admitted to the bar of this court" pursuant to D.C.COLO.LAttyR 5,

IT IS HEREBY **RECOMMENDED** that the Motion [#15] be **GRANTED**. Accordingly,

---

[1] Pursuant to 28 U.S.C. § 636(b), the Motion [#15] was referred to the undersigned for a recommendation regarding disposition. *See Order Referring Case* [#22].

-1-

IT IS FURTHER **RECOMMENDED** that Defendant L&MKTR, Inc.'s Answer [#13] shall be **STRICKEN**.

IT IS FURTHER **RECOMMENDED** that Defendant L&MKTR, Inc. be given until **January 10, 2019**, for counsel to enter an appearance in this matter. Defendant L&MKTR, Inc. is warned that "absent prompt appearance of [ ] counsel, [future] pleadings and papers may be stricken, and default judgment or other sanctions may be imposed against the entity." D.C.COLO.LAttyR 5.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: December 10, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge